**SUN OIL COMPANY, a New Jersey corporation, Plaintiff,**

v.

**Stewart L. UDALL, Secretary of the Interior, et al., Defendants.**

**Civ. A. No. 544–64.**

United States District Court
District of Columbia.

June 12, 1964.

Ellis Lyons, Washington, D. C., for plaintiff.

Gil Zimmerman, Washington, D. C., for defendant.

LEONARD P. WALSH, District Judge.

Plaintiff, Sun Oil Company, brings this action for a declaratory judgment, 28 U.S.C.A. § 2201, against the Secretary of Interior, the Oil Import Administrator, and the members of the Oil Import Appeals Board. The parties are before the court on cross-motions for summary judgment, having submitted an agreed joint statement of material facts, as to which there is no issue.

By Executive Proclamation 3279 of March 10, 1959, (24 F.R. 1781), the President determined that it would be in the national interest to impose limitations on the importation of oil and oil products into the United States. The Proclamation authorized the Secretary

of the Interior to promulgate regulations for the control of imports, and for the allocation of import quotas among persons who seek to import oil.

The Secretary was also authorized to establish, and did establish, an Oil Import Appeals Board, which "may be empowered, within the limits of the maximum levels of imports established" pursuant to the Proclamation "to modify, on the grounds of exceptional hardship or error, any allocation made to any person under such regulations." Further, the Secretary "may provide that the Board may take such action on petitions as it deems appropriate and that the decision by the Appeals Board shall be final."

In January of 1963, Plaintiff filed an application for the allocation period April 1, 1963 through March 31, 1964. As a basis for its application, Plaintiff filed a report of its 1962 imports, but through an error stated fewer barrels per day than had been imported. The result was that Plaintiff's allocation for residual fuel oil for the 1963–64 period was lower than it might have been had the correct amount for 1962 been reported. Plaintiff alleges that it has been damaged in the amount of $150,000.00 as of the date of the complaint, March 4, 1964.

Having received a low allocation, plaintiff petitioned the Appeals Board for an increase commensurate with the amount of its error, to be applied to the next allocation period. The Board denied Sun Oil's request, although it had in the past modified allocations when error was made by the government, or independent third parties, or when there was exceptional hardship.

It is Plaintiff's argument that because the Proclamation reads "exceptional hardship *or* error" it is patently arbitrary for the Board to require exceptional hardship *and* error, or if there is no hardship, to exclude petitioner's error altogether as a ground for relief. The defendants, on the other hand, point out that the Proclamation is permissive rather than mandatory, and employs the word "may" throughout. Accordingly, they argue, the Board is vested with discretionary powers, which it has here exercised well within the grant of its authority.

The scope of judicial review of action by administrative agencies, under Section 10 of the Administrative Procedure Act (5 U.S.C.A. § 1009) is clearly restricted. "[I]f there is a rational basis for the conclusions reached by the administrative agency and if all requirements of law are complied with, the Court may not step in and substitute its own judgment for that of the administrative agency, * * *". Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247 (1962).

The decision of the Appeals Board in the Sun Oil petition is based on three points. First, it would be " * * * unfair to the other eligible allocation holders concerned to require a reduction of their current allocations in order to 'make whole' persons who have committed errors but to whom no undue harm has befallen by reason of their errors." Second, because future allocations are based on past quotas, finality of past periods is important, and would be disrupted by modification. Third, Sun Oil did not allege, and the Board did not find, any exceptional hardship caused by the lower allocation.

The issue here is not whether this court would have reached the same conclusions as did the Appeals Board, but rather, whether there is a "rational basis for the conclusions reached" by the Board.

It is the opinion of this court that the Board has complied with the applicable law and regulations, that there is a rational basis for its conclusions, and that the decision should not be disturbed.

Therefore, in accordance with the foregoing, it is this 12th day of June, 1964,

Ordered, that Plaintiff's motion for summary judgment be, and the same hereby is, denied; and

It is further ordered, that Defendants' motion for summary judgment be, and the same hereby is, granted.